DAY v. BOWER (two cases).

(Court of Appeals of District of Columbia. Submitted January 15, 1920. Decided March 1, 1920.)

Nos. 1280, 1281.

PATENTS ⬤101—CLAIMS IN INTERFERENCE PROCEEDINGS PROPERLY CONSTRUED BY PATENT OFFICE.

In interference proceedings involving a device for controlling railway vehicles, the Patent Office *held* to have properly construed a number of the claims of one of the parties as not limited to a system in which the operation of the vehicle was automatically or mechanically controlled by the action of the device.

Appeal from a Decision of the Commissioner of Patents.

Two interference proceedings in the Patent Office between Albert V. T. Day and Abram L. Bower. From decisions granting priority to Day as to some counts and denying him priority as to others, he appeals. Affirmed.

G. E. Cruse and J. Edgar Bull, both of New York City, for appellant.

J. A. Watson, of Washington, D. C. (Foster, Freeman, Watson & Coit, of Washington, D. C., on the brief), for appellee.

ROBB, Associate Justice. These interferences involve the same application of each party. The Examiner of Interferences awarded priority as to all counts in each interference to Day. The Examiners in Chief and the Commissioner sustained the decision as to counts 1 to 6, inclusive, and count 14, in the first interference, and as to counts 1, 2, 3, and 4 in the second interference, but as to counts 7 to 13, inclusive, and counts 15, 16, and 17 in the first interference, and counts 5, 6, 7, 8, and 9 in the second interference, reversed the decision and

awarded priority to Bower. Bower has taken no appeal, and consequently we are concerned with only those counts awarded to him.

Count 7 of the first interference and count 5 of the second interference, are sufficiently illustrative and are here reproduced:

"7. In combination, a railway track, a vehicle adapted to travel thereon, means on the vehicle driven in accordance with the movement of the vehicle along the trackway and capable of an operative condition towards which it is constantly driven, devices located at intervals in the trackway and adapted to coact with the said means to reset it away from said operative condition, a vehicle governing apparatus on the vehicle controlled by the said means, when the latter reaches said operative condition."

"5. In combination, a railway vehicle, apparatus on the vehicle capable of an inoperative condition and adapted to automatically change its condition by degrees progressively approaching the operative condition and to govern the vehicle when said operative condition is reached, and means extraneous to the vehicle adapted to restore said apparatus from any position or degree of said progressive change to a condition or degree more remote from operative condition, said apparatus being adapted to automatically resume the progressive change towards operative condition after each restoration."

Day relies solely upon his record date of July 10, 1911. Bower has taken testimony tending to show that he conceived the invention in 1909, but it will be unnecessary to review that testimony here, since the case turns upon the interpretation to be given the claims. The Examiner of Interferences failed to make any distinction between the two groups of claims, but the higher tribunals ruled that the first group, which, as we have seen, were awarded Day, call for a system in which the operation of the vehicle is automatically or mechanically controlled by the action of the run-down device, and that the claims of the other group do not contain this limitation. This conclusion was based largely upon the Day specification, in which it is pointed out that such expressions as "means for governing the vehicle" and "the traffic controlling means" include such devices as lamps, bells, and whistles, as well as devices which operate the brakes and the power. On this point the Commissioner said:

"The record discloses a sufficiency of admission by Day that danger signals operated on a vehicle should be considered as vehicle governing means."

We have examined the Day specification and concur in this view. For the reasons pointed out in the opinions of the Examiners in Chief and the Commissioner, we affirm the decision of the Commissioner in each interference.

No. 1280: Affirmed.
No. 1281: Affirmed.